

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| THE SCOTT FETZER COMPANY,<br>28800 Clemens Road<br>Westlake, Ohio 44145-1197,<br><br>      Plaintiff,<br><br>    v.<br><br>RAYMOND G. GEHRING d/b/a<br>NORTHEASTERN VACUUM CLEANER<br>COMPANY<br>1043 Colton Street<br>Reading, Pennsylvania 19602,<br><br>      Defendant. | Civil Action No. 02 -CV-2917<br><br><br><br>**JURY TRIAL DEMANDED** |

---

## COMPLAINT

Plaintiff, The Scott Fetzer Company, for its Complaint against Defendant, Raymond G. Gehring d/b/a Northeastern Vacuum Cleaner Company, states as follows:

### INTRODUCTION

1.    This is a civil action for injunctive relief, damages and other relief, based on Defendant's infringement and dilution of Plaintiff's valuable and famous marks and Defendant's unfair competition in connection with the sale of vacuum cleaners, vacuum cleaner products, and related services in violation of federal and Pennsylvania law.

### THE PARTIES

2.    At all times relevant hereto, plaintiff The Scott Fetzer Company ("Scott Fetzer") was and is a Delaware corporation with its principal place of business at 28800 Clemens Road,

Westlake, Ohio. Scott Fetzer does business through The Kirby Company, an unincorporated division of The Scott Fetzer Company.

3.     Defendant Raymond G. Gehring ("Defendant") is an individual doing business as Northeastern Vacuum Cleaner Company, with its principal place of business at 1043 Colton Street, Reading, Pennsylvania 19602.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § § 1331 and 1338. This Court also has supplemental jurisdiction over Scott Fetzer's state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant is located in this district and a substantial part of the events giving rise to the claims occurred in this district. Scott Fetzer is also suffering from the effects of Defendant's conduct in this district.

## BACKGROUND

6.     Scott Fetzer manufactures and sells vacuum cleaners and vacuum cleaner parts and accessories throughout the world. Scott Fetzer sells its vacuum cleaners through in-home demonstrations conducted by authorized dealers and distributors throughout the United States.

7.     Since at least as early as 1930, Scott Fetzer has invested tens of millions of dollars advertising and promoting the trademark "KIRBY" in various forms in connection with the manufacture, sale, and service of vacuum cleaners and vacuum cleaner accessories (hereinafter collectively referred to as "the Kirby Trademarks").

8.     The value to Scott Fetzer of the right to the exclusive use of the Kirby Trademarks exceeds seventy-five thousand dollars.

2

9.    Scott Fetzer is the owner of United States Trademark Registration No. 993,713 for KIRBY to identify electric vacuum cleaners for domestic use and floor polishers and parts and accessories therefor. This Registration is valid, incontestable and attached hereto as Exhibit A and by this reference incorporated herein.

10.    Scott Fetzer is the owner of United States Trademark Registration No. 1,135,019 for KIRBY to identify electric vacuum cleaners and floor waxers for domestic use and parts, attachments and accessories therefor-- namely, drill attachments, buffing attachments, sanding attachments, spray guns, jig saw attachments, polishing attachments, demothers, suds generators, floor dusters and buffers, floor polishers, rug washing attachments, rug rake attachments, motor assemblies, bags, belts, brushes, vacuum nozzles, inflator/deflator nozzles, crevice tools, hose extension tubes, coupler tubes, power cords, handles, shoulder straps, dirt boxes, electrical switches, power trains, flexible shafts, polishing pads, buffing wheels, and sanding discs. This Registration is valid, incontestable and attached hereto as Exhibit B and by this reference incorporated herein.

11.    Scott Fetzer is the owner of United States Trademark Registration No. 1,135,020 for KIRBY (Stylized) to identify electric vacuum cleaners and floor waxers for domestic use and parts, attachments and accessories therefor -- namely, drill attachments, buffing attachments, sanding attachments, spray guns, jig saw attachments, polishing attachments, demothers, suds generators, floor dusters and buffers, floor polishers, rug washing attachments, rug rake attachments, motor assemblies, bags, belts, brushes, vacuum nozzles, inflator/deflator nozzles, crevice tools, hose extension tubes, coupler tubes, power cords, handles, shoulder straps, dirt boxes, electrical switches, power trains, flexible shafts, polishing pads, buffing wheels, and

sanding discs. This Registration is valid, incontestable, and attached hereto as Exhibit C and by this reference incorporated herein.

12.     Scott Fetzer is the owner of United States Service Mark Registration No. 1,210,015 for Kirby (Stylized) to identify vacuum cleaner repair and rebuilding services. This Registration is valid, incontestable and attached hereto as Exhibit D and by this reference incorporated herein.

13.     Scott Fetzer is the owner of United States Service Mark Registration No. 1,210,016 for KIRBY to identify vacuum cleaner repair and rebuilding services. This Registration is valid, incontestable and attached hereto as Exhibit E and by this reference incorporated herein.

14.     Scott Fetzer is the owner of United States Service Mark Registration No. 1,255,543 for KIRBY (and Design) to identify vacuum cleaner repair and rebuilding services. This Registration is valid, incontestable and attached hereto as Exhibit F and by this reference incorporated herein.

15.     Scott Fetzer is the owner of United States Service Mark Registration No. 2,004,420 for KIRBY (and Design) to identify vacuum cleaner repair and rebuilding services and factory authorized distributorship services featuring vacuum cleaners and vacuum cleaner parts and supplies. This Registration is valid, incontestable and is attached hereto as Exhibit G and by this reference incorporated herein.

16.     Defendant is in the business of selling and servicing vacuum cleaners.

17.     Defendant utilizes the Kirby Trademarks and/or marks confusingly similar to the Kirby Trademarks to advertise and sell his vacuum cleaners and services.

18.     Scott Fetzer did not authorize Defendant to use any intellectual property owned by Scott Fetzer, including the Kirby Trademarks.

19.     Defendant has received notice that continued use of the Kirby Trademarks violates and infringes upon Scott Fetzer's federal and other rights in and to the Kirby Trademarks.

20.     Because Defendant has and continues to use and offer for sale vacuum cleaners and services, the consuming public has been and will continue to be confused or deceived as to the source or origin or affiliation or sponsorship of Defendant's products or services and that of Scott Fetzer.

21.     Defendant's use of the Kirby Trademarks in the promotion of vacuum cleaner sales and servicing was done with the intention of blunting and disrupting the promotion and sale of the Scott Fetzer products and services, thereby diminishing the sales of Scott Fetzer's products and services and the value of the Kirby Trademarks.

22.     Defendant has knowingly engaged in advertising and the promotion of vacuum cleaners and services that incorporate the Kirby Trademarks without Scott Fetzer's consent or authorization.

23.     Defendant's conduct complained of herein was done with the intent to cause confusion, mistake or deception as to the source or affiliation of the parties' respective products and services.

## COUNT I

### Federal Unfair Competition/False Designation of Origin, 15 U.S.C. § 1125(a)

24.     Scott Fetzer incorporates each and every allegation of Paragraphs 1-23 of this Complaint as though fully set forth herein.

25.     Defendant's use of the Kirby Trademarks in the promotion of vacuum cleaner sales and services has deceived and caused, and is likely to continue to deceive and cause, confusion and mistake among consumers as to the source or origin of the goods and services offered for sale by Defendant and the sponsorship or endorsement of those goods or services by Scott Fetzer.

26.     Scott Fetzer did not authorize, license or otherwise condone or consent to Defendant's use of the Kirby Trademarks in the promotion of vacuum cleaner sales and services.

27.     Despite the fact that Defendant has had actual notice and knowledge of Scott Fetzer's exclusive rights to the Kirby Trademarks, it has used the Kirby Trademarks in the promotion of vacuum cleaner sales and services in complete disregard of Scott Fetzer's rights.

28.     Defendant has misappropriated Scott Fetzer's substantial property rights in the Kirby Trademarks as well as the goodwill associated therewith.  Unless restrained and enjoined by this Court, such conduct will permit Defendant to gain an unfair competitive advantage over Scott Fetzer, permit him to enjoy the selling power of the Kirby Trademarks, allow him to improperly blunt and interfere with Scott Fetzer's continued promotion and expansion of the Kirby Trademarks, and allow him to palm off his products and services as those being produced, sponsored, or authorized by Scott Fetzer.

29.     The acts of Defendant, alleged above, were committed willfully, with full knowledge of Scott Fetzer's rights and with the intention of deceiving and misleading the public.

30.     The acts of Defendant, alleged above, were committed willfully, with full knowledge of Scott Fetzer's rights and with the intent of causing harm to Scott Fetzer.

31.    The acts of Defendant, alleged above, were committed willfully, with full knowledge of Scott Fetzer's rights and with the intent of misappropriating and wrongfully trading upon the valuable goodwill and reputation of Scott Fetzer and the Kirby Trademarks.

32.    Defendant will continue his acts of unfair competition and false designation of origin causing irreparable injury to Scott Fetzer, unless such activities are enjoined by this Court.

33.    As a direct and proximate result of Defendant's unlawful activities, Scott Fetzer has and continues to suffer damages in an amount that is not presently ascertainable but will be established at trial.

## COUNT II

### Federal Trademark Dilution, 15 U.S.C. §1125(c)

34.    Scott Fetzer incorporates each and every allegation of Paragraphs 1-33 of this Complaint as though fully set forth herein.

35.    The Kirby Trademarks have acquired fame in the United States.

36.    Defendant began using the Kirby Trademarks after they became famous.

37.    Defendant's use of the Kirby Trademarks is blurring the unique association between Scott Fetzer's goods and services and its famous Kirby Trademarks.

38.    Defendant's use of the Kirby Trademarks is diluting the distinctiveness of the Kirby Trademarks.

39.    Defendant's use of the Kirby Trademarks is disparaging the distinctiveness of the Kirby Trademarks.

40.    Defendant will continue his acts of dilution causing irreparable injury to Scott Fetzer, unless such activities are enjoined by this Court.

41.     As a direct and proximate result of Defendant's acts of dilution, Scott Fetzer has and continues to suffer damages in an amount that is not presently ascertainable but will be established at trial.

## COUNT III

### Federal Trademark Infringement, 15 U.S.C. § 1114

42.     Scott Fetzer incorporates each and every allegation of Paragraphs 1-41 of this Complaint as though fully set forth herein.

43.     Scott Fetzer's use of the Kirby Trademarks predates any alleged use by Defendant in the United States.

44.     Defendant's use of the Kirby Trademarks in the promotion of vacuum cleaner sales and services has deceived and caused, and is likely to continue to deceive and cause, confusion and mistake among customers.

45.     By using the Kirby Trademarks in the promotion of vacuum cleaner sales and services, the Defendant has imitated, counterfeited and infringed the Kirby Trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

46.     Scott Fetzer did not authorize, license or otherwise condone or consent to Defendant's use of the Kirby Trademarks in the promotion of vacuum cleaner sales and services.

47.     Despite the fact that Defendant has had actual notice and knowledge of Scott Fetzer's rights to the Kirby Trademarks, Defendant has used the Kirby Trademarks in complete disregard of Scott Fetzer's rights in violation of 15 U.S.C. § 1051 et. seq.

48.     Defendant has misappropriated Scott Fetzer's substantial intellectual property rights as well as the goodwill associated therewith.  Unless restrained and enjoined by this Court, such conduct will allow Defendant to gain an unfair competitive advantage over Scott Fetzer, to enjoy the selling power of the Kirby Trademarks, to improperly blunt and interfere with Scott

Fetzer's continued promotion and expansion of the Kirby Trademarks, and to palm off Defendant's products and services as those being produced, sponsored or authorized by Scott Fetzer.

49.    As a result of Defendant's unlawful activities, Scott Fetzer has and continues to suffer irreparable harm.

50.    As a direct and proximate result of Defendant's unlawful activities, Scott Fetzer has and continues to suffer damages in an amount that is not presently ascertainable but will be established at trial.

## COUNT IV

### Common Law Unfair Competition

51.    Scott Fetzer incorporates each and every allegation of Paragraphs 1-50 of this Complaint as though fully set forth herein.

52.    Scott Fetzer's use of the Kirby Trademarks predates any alleged use by Defendant in the United States.

53.    Defendant's use of the Kirby Trademarks in the promotion of vacuum cleaner sales and services has deceived and caused, and is likely to continue to deceive and cause, confusion and mistake among customers as to the source or origin of the goods offered for sale by Defendant and the sponsorship or endorsement of those goods or services by Scott Fetzer.

54.    Defendant's use of the Kirby Trademarks in the promotion of vacuum cleaner sales and services has deceived and caused and, is likely to continue to deceive and cause, confusion and mistake among customers as to the source of origin of the goods offered for sale by Scott Fetzer and the sponsorship or endorsement of those goods or services by Defendant.

55.    Scott Fetzer did not authorize, license or otherwise condone or consent to Defendant's use of the Kirby Trademarks in the promotion of vacuum cleaner sales and servicing.

56.    Despite the fact that Defendant has had actual notice and knowledge of Scott Fetzer's rights to the Kirby Trademarks, Defendant has used the Kirby Trademarks in the promotion of vacuum cleaner sales and services in complete disregard of Scott Fetzer's rights.

57.    Defendant has misappropriated Scott Fetzer's substantial intellectual property rights as well as the goodwill associated therewith.  Unless restrained and enjoined by this Court, such conduct will allow Defendant to gain an unfair competitive advantage over Scott Fetzer, to enjoy the selling power of the Kirby Trademarks, to improperly blunt and interfere with Scott Fetzer's continued promotion and expansion of the Kirby Trademarks, and to palm off Defendant's products and/or services as those being produced, sponsored or authorized by Scott Fetzer.

58.    As a result of Defendant's unlawful activities, Scott Fetzer has and continues to suffer irreparable harm.

59.    As a direct and proximate result of Defendant's unlawful activities, Scott Fetzer has and continues to suffer damages in an amount that is not presently ascertainable but will be established at trial.

## COUNT V

### Dilution under 54 Pa. Cons. Stat. Ann. § 1124 (Purdon 1999 Supp.)

60.    Scott Fetzer incorporates each and every allegation of Paragraphs 1-59 of the Complaint as if fully set forth herein.

61.    The Kirby Trademarks have acquired the status of famous marks in the Commonwealth of Pennsylvania.

62.    Defendant began using the Kirby Trademarks after they became famous.

63.    Defendant's use of the Kirby Trademarks is blurring the unique association between Scott Fetzer's goods and services and its famous Kirby Trademarks.

64.    Defendant's use of the Kirby Trademarks is diluting the distinctiveness of the Kirby Trademarks.

65.    Defendant's use of the Kirby Trademarks is disparaging the distinctiveness of the Kirby Trademarks.

66.    Defendant's infringing conduct has been deliberate and willful and has been committed with the predatory intent to trade on Scott Fetzer's reputation and to cause dilution of the Kirby Trademarks.

67.    As a result of Defendant's unlawful activities, Scott Fetzer has and continues to suffer irreparable harm.

68.    As a direct and proximate result of Defendant's unlawful activities, Scott Fetzer has and continues to suffer damages in an amount that is not presently ascertainable but will be established at trial.

WHEREFORE, plaintiff The Scott Fetzer Company prays the Court enter an order:

a.    Preliminarily and permanently enjoining Defendant and anyone acting on his behalf from:

i.    Using any reproduction or colorable imitation of any Kirby Trademark;

ii.    Using the word "Kirby" in any way that suggests or tends to suggest to the public that Defendant is in any manner, directly or indirectly, affiliated, connected

or associated with Scott Fetzer, or that Defendant's goods, services or commercial activities originate with, or are sponsored or approved by, Scott Fetzer;

       iii.    Engaging in any conduct that suggests or tends to suggest to the public that Defendant is in any manner, directly or indirectly, affiliated, connected or associated with Scott Fetzer, or that Defendant's goods, services, or commercial activities originate with or are sponsored or approved by Scott Fetzer;

       iv.    Selling or offering for sale any vacuum cleaner bearing any Kirby Trademark which has been rebuilt or repaired, unless such vacuum cleaner is permanently affixed with a clearly visible label identifying the rebuilder or repairer and stating in clearly legible characters that: (1) the vacuum cleaner is a rebuilt or repaired product; (2) it is not Scott Fetzer's product; (3) the rebuilder or repairer has no connection with Scott Fetzer; and (4) Scott Fetzer is not responsible for the product's performance or safety;

      b.    Requiring Defendant to cause to be destroyed any material in his possession bearing a reproduction or colorable imitation of any Kirby Trademark, including, without limitation, signs, brochures, packages, wrappers, advertisements, flyers, testimonials, labels, and any other printed material;

      c.    Requiring Defendant to account to Scott Fetzer for all profits made by Defendant from the sale of his products and services using the Kirby Trademarks and confusingly similar marks;

      d.    Requiring Defendant to file with the Court and serve on Scott Fetzer within thirty (30) days of this Court's order a report setting forth the manner and form in which Defendant has complied with this injunction;

e.      Awarding Scott Fetzer the damages it has sustained as a result of Defendant's unlawful acts;

f       Awarding Scott Fetzer Defendant's profits pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, and 54 Pa. Cons. Stat. Ann. § 1125 (Purdon 1999 Supp.);

g.      Awarding Scott Fetzer treble damages, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, and 54 Pa. Cons. Stat. Ann. §§ 1125 (Purdon 1999 Supp.), based on the willful acts of Defendant;

h.      Awarding Scott Fetzer its costs and disbursements for this action, and its reasonable attorneys' fees; and

i.      Granting Scott Fetzer any such other and further relief that the Court deems just and proper.

Respectfully submitted,

_Margaret S. Woodruff_

Margaret S. Woodruff
(Pennsylvania Bar No. 26010)
SCHNADER HARRISON SEGAL & LEWIS LLP
Suite 3600, 1600 Market Street
Philadelphia, PA 19103-7286
Telephone:  (215)-751-2168
Facsimile:  (215)-751-2205
Attorney for Plaintiff

Robert P. Ducatman
(Ohio Bar No. 0003571)
Christina J. Moser
(California Bar No. 199027)
JONES, DAY, REAVIS & POGUE
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

Of Counsel

Dated:  May 16, 2002



Int. Cl.: 9

Prior U.S. Cl.: 21

# United States Patent Office

Reg. No. 993,713
Registered Sept. 24, 1974

## TRADEMARK
### Principal Register

## KIRBY

The Scott & Fetzer Company (Ohio corporation)
14701 Detroit Ave.
Lakewood, Ohio   44107

For: ELECTRIC VACUUM CLEANERS FOR DOMESTIC USE AND FLOOR POLISHERS AND PARTS AND ACCESSORIES THEREFOR, in CLASS 21 (INT. CL. 9).

First use 1930; in commerce 1930

Owner of Reg. Nos. 615,200 and 758,046.

Ser. No. 446,830, filed Jan. 24, 1973.

PHILIP YARNALL, Examiner

Exhibit B

Int. Cl.: 9

U.S. Cl.: 21

U.S. Patent and Trademark Office

Reg. No. 1,135,019

Reg. May 13, 1980

## TRADEMARK
### Principal Register

## KIRBY

The Scott & Fetzer Company (Ohio corporation)
14600 Detroit Ave.
Lakewood, Ohio 44107
    For: Electric Vacuum Cleaners and Floor Waxers for Domestic Use, and Parts, Attachments and Accessories Therefor—Namely, Drill Attachments, Buffing Attachments Sanding Attachments, Spray Guns, Jig Saw Attachments, Polishing Attachments, Demothers, Suds Generators, Floor Dusters and Buffers, Floor Polishers, Rug Washing

Attachments, Rug Rake Attachments, Motor Assemblies, Bags, Belts, Brushes, Vacuum Nozzles, Inflator/Deflator Nozzles, Crevice Tools, Hose Extension Tubes, Coupler Tubes, Power Cords, Handles, Shoulder Straps, Dirt Boxes, Electrical Switches, Power Trains, Flexible Shafts, Polishing Pads, Buffing Wheels, Sanding Discs—in Class 9 (U.S. Cl. 21).
    First use 1930; in commerce 1930.
    Owner of U.S. Reg. Nos. 758,046, 615,220, 1,050,347 and others.

    Ser. No. 173,362. Filed June 6, 1978

DOUGLAS HOHEIN, Examiner

Exhibit C

Int. Cl.: 9

U.S. Cl.: 21

**U.S. Patent and Trademark Office**

Reg. No. 1,135,020

Reg. May 13, 1980

## TRADEMARK
### Principal Register



The Scott & Fetzer Company (Ohio corporation)
14600 Detroit Ave.
Lakewood, Ohio 44107

For: Electric Vacuum Cleaners and Floor Waxers for Domestic Use, and Parts, Attachments, and Accessories Therefor—Namely, Drill Attachments, Buffing Attachments, Sanding Attachments, Spray Guns, Jig Saw Attachments, Polishing Attachments, Demothers, Suds Generators, Floor Dusters and Buffers, Floor Polishers, Rug Washing Attachments, Rug Rake Attachments, Motor Assemblies, Bags, Belts, Brushes, Vacuum Nozzles, Inflater-Deflator Nozzles, Crevice Tools, Hose Extension Tubes, Coupler Tubes, Power Cords, Handles, Shoulder Straps, Dirt Boxes, Electrical Switches, Power Trains, Flexible Shafts, Polishing Pads, Buffing Wheels, Sanding Discs—in Class 9 (U.S. Cl. 21)

First use Aug. 1969; in commerce Aug. 1969

Owner of U.S. Reg. Nos. 1,030,347, 758,046, 615,220 and others

Ser. No. 173,899 Filed June 12, 1973

DOUGLAS HOHEIN, Examiner

Exhibit D

Int. Cl.: 37

Prior U.S. Cl.: 103

## United States Patent and Trademark Office

Reg. No. 1,210,015
Registered Sep. 21, 1982

### SERVICE MARK
#### Principal Register



The Scott & Fetzer Company (Ohio corporation)
14600 Detroit Ave.
Lakewood, Ohio 44107

For: VACUUM CLEANER REPAIR AND RE...
BUILDING SERVICES, in CLASS 37 (U.S. Cl...
103).
  First use Jun. 1, 1979; in commerce Jun. 1, 1979.
  Owner of U.S. Reg. Nos. 615,220, 1,185,521 and...
others.
  Sec. 2(f).

  Ser. No. 290,495, filed Dec. 22, 1980.

B. H. VERTIZ, Primary Examiner

BRUCE A. TASSAN, Examiner

Exhibit E

Int. Cl.: 37

Prior U.S. Cl.: 103

## United States Patent and Trademark Office

Reg. No. 1,210,016
Registered Sep. 21, 1982

### SERVICE MARK
**Principal Register**

## KIRBY

The Scott & Fetzer Company (Ohio corporation)
14600 Detroit Ave.
Lakewood, Ohio 44107

For: VACUUM CLEANER REPAIR AND RE-
BUILDING SERVICES, in CLASS 37 (U.S. Cl.
103).
 First use Jun. 1, 1979; in commerce Jun. 1, 1979.
 Owner of U.S. Reg. Nos. 615,220, 1,185,521 and
others.
 Sec. 2(f).

Ser. No. 290,496, filed Dec. 22, 1980.

B. H. VERTIZ, Primary Examiner

BRUCE A. TASSAN, Examiner

Exhibit F

Int. Cls.: 37 and 42

Prior U.S. Cls.: 101 and 103

## United States Patent and Trademark Office

Reg. No. 1,255,543
Registered Oct. 25, 1983

### SERVICE MARK
Principal Register



The Scott & Fetzer Company (Ohio corporation)
14600 Detroit Ave.
Lakewood, Ohio 44107

For: VACUUM CLEANER REPAIR AND RE-BUILDING SERVICES, in CLASS 37 (U.S. Cl. 103).

First use Jun. 1, 1979; in commerce Jun. 1, 1979.

For: FACTORY AUTHORIZED DISTRIBUTORSHIP SERVICES FEATURING VACUUM CLEANERS AND VACUUM CLEANER PARTS AND SUPPLIES, in CLASS 42 (U.S. Cl. 101).

First use Jun. 1, 1979; in commerce Jun. 1, 1979.

Owner of U.S. Reg. Nos. 615,220, 1,210,017 and others.

No claim is made to the exclusive right to use the words "Factory Authorized Sales And Service", apart from the mark as shown.

Sec. 2(f).

Ser. No. 290,592, filed Dec. 22, 1980.

BRUCE A. TASSAN, Examining Attorney

Exhibit G

Int. Cls.: 37 and 42

Prior U.S. Cls.: 100, 101, 103 and 106

## United States Patent and Trademark Office

Reg. No. 2,004,420
Registered Oct. 1, 1996

### SERVICE MARK
### PRINCIPAL REGISTER



SCOTT FETZER COMPANY, THE (DELA-
WARE CORPORATION)
28800 CLEMENS ROAD
WESTLAKE, OH 441451197

FOR: VACUUM CLEANER REPAIR AND RE-
BUILDING SERVICES, IN CLASS 37 (U.S. CLS.
100, 103 AND 106).

FIRST USE 9-5-1989; IN COMMERCE
9-5-1989.

FOR: FACTORY AUTHORIZED DISTRIBU-
TORSHIP SERVICES FEATURING VACUUM
CLEANERS AND VACUUM CLEANER PARTS
AND SUPPLIES, IN CLASS 42 (U.S. CLS. 100
AND 101).

FIRST USE 9-5-1989; IN COMMERCE
9-5-1989.

OWNER OF U.S. REG. NOS. 1,210,015, 1,255,543
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "FACTORY AUTHORIZED
SERVICE CENTER", APART FROM THE
MARK AS SHOWN.

SEC. 2(F) AS TO "KIRBY".

SER. NO. 75-010,829, FILED 10-26-1995.

JEAN MARC BRUN, EXAMINING ATTORNEY