IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE SCOTT FETZER COMPANY,            )
                                     )  Civil Action
                    Plaintiff        )  No. 02-cv-02917
                                     )
         vs.                         )
                                     )
RAYMOND G. GEHRING,                  )
doing business as                    )
NORTHEASTERN VACUUM CLEANER          )
COMPANY,                             )
                                     )
                    Defendant        )


AMENDED NON-JURY TRIAL ATTACHMENT ORDER

        NOW, this 12th day of May, 2003,

        IT IS ORDERED that a non-jury trial on plaintiff's
request for injunctive relief in the within case shall commence
before the undersigned on Monday, July 21, 2003, at 9:30 in
Courtroom B, Edward N. Cahn United States Courthouse, 504 West
Hamilton Street, Allentown, Pennsylvania, or as soon thereafter as
the schedule of the court permits.  This Order shall serve as a
formal attachment for trial.

        IT IS FURTHER ORDERED that on or before June 16, 2003,
counsel for the parties[1] shall submit to the undersigned and serve
on all counsel of record and unrepresented parties a trial
memorandum which shall include:

        (a)  A list of all exhibits to be used at the trial.
All exhibits shall be pre-marked and counsel shall exchange with
each other copies of all documentary and photographic exhibits and
shall provide an opportunity for opposing counsel to view any
models or videotapes.

        (b)  A list of the name, address, and field of
expertise of each expert witness to be called at trial by the
party.

        (c)  A curriculum vitae for each expert witness listed.

        (d)  A list of the name and address of each fact
witness to be called at trial, together with a brief statement of
the nature of his or her expected testimony.  (Unless authorized
by the undersigned for good cause shown, witnesses not listed may
not be called by that party in its case-in-chief.)

        (e)  An itemized statement of claimant's damages and/or
other relief sought.

_____

        [1]    Whenever used in this Order, the terms "counsel" and "counsel
for the parties" shall also refer to any unrepresented parties.

(f)  A statement of any anticipated significant and/or unique legal and procedural issues on which the court will be required to rule, together with counsel's single best authority on each such issue.

(g)  Names and addresses of all parties at the time the cause of action arose and presently.

(h)  Name, address and telephone number of trial counsel, and, if applicable, the name and telephone number of the firm with which he or she is affiliated.

(i)  Any other matters of importance for the efficient trial of the case.

IT IS FURTHER ORDERED that counsel for plaintiff(s) shall initiate a meeting of all counsel of record and unrepresented parties to be held at least thirty days before commencement of trial, at which counsel shall meet and discuss and submit to the court at least fifteen days before commencement of trial, one complete set of agreed-upon findings of fact and conclusions of law.  If the parties cannot agree upon one complete set of findings of fact and conclusions of law, they are required to submit to the court at least fifteen days before commencement of trial, one set of those findings and conclusions which have been agreed upon, and each party shall submit to the court at least seven days before commencement of trial, proposed findings of fact and conclusions of law which are not agreed upon, and a legal memorandum in support thereof.  The original of each document shall be filed with the Clerk of Court.  If a good faith effort is not made to comply with these directives, sanctions may be imposed, the trial may be continued, or both.

IT IS FURTHER ORDERED that any party who contends, or may contend, that the proposed testimony of any expert witness requires a hearing at, or before, trial pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), shall notify the court of this contention in writing at least thirty days prior to the trial date.

IT IS FURTHER ORDERED any party having an objection to: (a) the admissibility of any exhibit based on authenticity, (b) the adequacy of the qualifications of an expert witness expected to testify, (c) the admissibility for any reason (except relevancy) of any item of evidence expected to be offered, or (d) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701, shall set forth separately each such objection, clearly and concisely, in his or her trial memorandum.  The objection shall describe, with particularity, the grounds for the objection and the authority relied upon.

IT IS FURTHER ORDERED that unless stipulated to by all affected parties and approved by the court, or by Order of court so as to avoid manifest injustice, only those exhibits, discovery

items and expert witnesses identified in the manner set forth in this Order shall be considered by the court for admission into evidence at trial.

IT IS FURTHER ORDERED that the unavailability of a witness at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(3), will not be a ground to delay the commencement, or progress, of a trial.  In such circumstances, the court anticipates the use of oral or videotape depositions at trial of any unavailable witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert.

IT IS FURTHER ORDERED that any party offering a deposition at trial shall provide the court, prior to commencement of trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with all counsel and unrepresented parties.  Portions of the deposition offered by plaintiff shall be marked in blue; portions offered by defendant, in red.  Where a court ruling is necessary, the basis for unresolved objections shall be written in ten words or less in the margin of the deposition, accompanied by a separate written index of such objections.

IT IS FURTHER ORDERED that at least ten business days before commencement of trial, each party shall submit to the court a written summary, not to exceed two pages in length, in plain language, of its contentions regarding the facts and that party's theories concerning liability and damages.  Not later than five days before commencement of trial, all other parties may submit, in writing, objections or alternatives to this summary.

IT IS FURTHER ORDERED that counsel shall familiarize themselves with the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania. Failure to comply with the within Order or the Local Rules may result in the imposition of sanctions.

IT IS FURTHER ORDERED continuances will be granted only in extraordinary circumstances.  Continuance requests shall be filed by one counsel of record for each represented party and by each unrepresented party.  Continuance requests shall be submitted at least ten days prior to the commencement of trial on a form approved by the undersigned.

IT IS FURTHER ORDERED that the Non-Jury Trial Attachment Order dated March 17, 2003 attaching this case for a non-jury trial on July 28, 2003 is vacated.


BY THE COURT:


_____      _____
                                      James Knoll Gardner
                                      United States District Judge

4