UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE SCOTT FETZER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 02-2917 |
| | ) | |
| RAYMOND G. GEHRING d/b/a | ) | |
| NORTHEASTERN VACUUM CLEANER | ) | |
| COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of Plaintiff Scott Fetzer's Motion for Summary Judgment, Default, and Rule 37 Sanctions, along with supporting Memorandum, Affidavit, Declaration, and Exhibits, and any response thereto, it is hereby ORDERED that the Motion is GRANTED and summary judgment is entered in favor of The Scott Fetzer Company and against defendant Raymond G. Gehring.

_____
GARDNER, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE SCOTT FETZER COMPANY, | ) | Case No.: 02-CV-2917(JKG) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge James Knoll Gardner |
| | ) | |
| RAYMOND G. GEHRING d/b/a, | ) | |
| NORTHEASTERN VACUUM | ) | |
| CLEANER COMPANY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF SCOTT FETZER'S MOTION FOR
## SUMMARY JUDGMENT, DEFAULT, AND RULE 37 SANCTIONS

Plaintiff, The Scott Fetzer Company ("Scott Fetzer"), hereby moves for summary judgment under Fed. R. Civ. P. 56, a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) or judgment as a sanction pursuant to Fed. R. Civ. P. 37(b)(2)(C).

Scott Fetzer is entitled to summary judgment because the undisputed facts establish that defendant Raymond G. Gehring d/b/a Northeastern Vacuum Cleaner Company ("Gehring") has willfully infringed upon Scott Fetzer's KIRBY marks, thereby unfairly competing with Scott Fetzer and diluting the ability of the KIRBY marks to distinguish Scott Fetzer's goods and services.

Furthermore, Gehring's history of discovery misconduct, failure to obey Local and Federal Rules of Civil Procedure, and ignoring of this Court's Orders demonstrates that default judgment or judgment as a sanction under Rule 37 are also appropriate.

Accordingly, for the foregoing reasons as well as those reasons set forth more fully in Scott Fetzer's Memorandum in Support, submitted herewith and incorporated by reference herein, Scott Fetzer respectfully requests this Court enter judgment in its favor on Counts I-V of

the Complaint and issue a consent decree and permanent injunction.  In addition to the proposed

Order granting summary judgment affixed to the front of this motion, alternative orders for

judgment, and a proposed Consent Decree and Injunction are appended hereto.

Dated this 6th day of June, 2003

Respectfully submitted,

Margaret S. Woodruff (Pa. I.D. No. 26010)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 751-2168
Direct Fax: (215) 972-7417
mwoodruff@schander.com

admitted *pro hac vice*
Robert P. Ducatman (OH Bar No. 0003571)
Christina J. Moser (OH Bar No. 0074817)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
(216) 568-3939  Telephone
(216) 579-0212  Facsimile
rducatman@jonesday. com
cjmoser@jonesday.com

**ATTORNEYS FOR PLAINTIFF**
**THE SCOTT FETZER COMPANY**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE SCOTT FETZER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 02-2917 |
| | ) | |
| RAYMOND G. GEHRING d/b/a | ) | |
| NORTHEASTERN VACUUM CLEANER | ) | |
| COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of

Plaintiff Scott Fetzer's Motion for Summary Judgment, Default, and Rule 37 Sanctions, along

with supporting Memorandum, Affidavit, Declaration, and Exhibits, and any response thereto, it

is hereby ORDERED that the Motion is GRANTED and a default judgment pursuant to Federal

Rule of Civil Procedure 55 is entered in favor of The Scott Fetzer Company and against

defendant Raymond G. Gehring.


_____
                                    GARDNER, J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE SCOTT FETZER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 02-2917 |
| | ) | |
| RAYMOND G. GEHRING d/b/a | ) | |
| NORTHEASTERN VACUUM CLEANER | ) | |
| COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

AND NOW, this _____ day of _____, 2003, upon consideration of Plaintiff Scott Fetzer's Motion for Summary Judgment, Default, and Rule 37 Sanctions, along with supporting Memorandum, Affidavit, Declaration, and Exhibits, and any response thereto, it is hereby ORDERED that the Motion is GRANTED and judgment as a sanction pursuant to Federal Rule of Civil Procedure 37 is entered in favor of The Scott Fetzer Company and against defendant Raymond G. Gehring.

_____
GARDNER, J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE SCOTT FETZER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 02-2917 |
| | ) | |
| RAYMOND G. GEHRING d/b/a | ) | |
| NORTHEASTERN VACUUM CLEANER | ) | |
| COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

CONSENT DECREE AND INJUNCTION

The Court, having found for, Plaintiff, The Scott Fetzer Company ("Scott Fetzer

"), and against Defendant, Raymond G. Gehring d/b/a Northeastern Vacuum Cleaner Company

("Gehring"), on all Counts of its Complaint with respect to those marks as to which the United

States Patent and Trademark Office has issued the following registrations: Nos. 993,713;

1,135,019; 1,135,020; 1,210,015; 1,210,016; 1,255,543; and 2,004,420, among others

(hereinafter referred to collectively as the "KIRBY Marks") states as follows:

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

A.    As of the date of entry of this Injunction, Gehring will be enjoined from

buying any previously sold but unused Kirby vacuum cleaners; provided, however, that Gehring

may buy such a previously sold but unused Kirby vacuum cleaner in the following

circumstances:  (1) one at a time; (2) at an auction by a Kirby dealer or distributor going

bankrupt or out of business; and (3) if responding to a public advertisement that explicitly

indicates that previously sold but unused Kirby vacuum cleaners are being offered for sale.

Further, provided, however, that Gehring will not knowingly purchase a new Kirby vacuum

cleaner from either (i) any person or entity against which an injunction has issued prohibiting his/her/its sale of new Kirby vacuum cleaners; or (ii) except as provided in subparagraph C(2), an authorized Kirby dealer or distributor.

B.    As of the date of entry of this Injunction, Gehring will clearly and conspicuously mark as used, repaired or rebuilt any such Kirby vacuum cleaners displayed for sale. Rebuilt Kirby machines means used machines which have been refurbished with new, genuine Kirby parts, and in accordance with Kirby specifications. Any refurbished machine that is not rebuilt as so defined is considered repaired.

C.    As of the date of entry of this Injunction, Gehring will clearly and conspicuously mark any previously sold but unused, used, or rebuilt Kirby vacuum cleaner displayed for sale with the disclaimer: "No Factory Warranty"; and, to the extent Gehring provides any warranty to a purchaser of any Kirby vacuum cleaner, Gehring will provide the purchaser with a written statement that the warranty is provided by Gehring, and not by Kirby, or words to the same effect.

D.    As of the date of entry of this Injunction, Gehring will be enjoined from:

1.    Displaying any KIRBY Mark on any exterior signage at any place(s) of business; provided, however, that the word "Kirby" may be used on exterior signage that reads as follows (if true):

"We repair, service and sell used and rebuilt Kirby vacuum cleaners," so long as any such signage clearly, conspicuously and in an equally prominent fashion includes the disclaimer: "We are not affiliated with any manufacturer" or other words to the same effect.

2.    Displaying any KIRBY Mark on any interior posters at any place(s) of business, or on any advertisements, brochures or promotional materials, or on any other document or thing seen by any member of the public (excluding exterior signage, addressed in paragraph B1 above); provided, however:

      a.    Gehring may make this statement (if true):

          "We repair, service and sell used and rebuilt Kirby vacuum cleaners" so long as any such material clearly, conspicuously and in an equally prominent fashion includes the disclaimer: "We are not affiliated with any manufacturer" or other words to the same effect.

      b.    Gehring may state that he sells "genuine Kirby parts," if true.

      c.    Gehring may display for sale Kirby vacuum cleaners and parts therefor, and packaging for such vacuum cleaners and parts.

F.    Further provided, however, that with respect to any use by Gehring of the word "Kirby" as permitted by this Injunction, the word "Kirby" cannot appear in a style, size, color or position, or in any other such way, that renders the word "Kirby" prominent in comparison to the words adjacent to and surrounding it.

**IT IS SO ORDERED.**

Date: _____    _____

GARDNER, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE SCOTT FETZER COMPANY, | ) | Case No.: 02-CV-2917(JKG) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge James Knoll Gardner |
| | ) | |
| RAYMOND G. GEHRING d/b/a, | ) | |
| NORTHEASTERN VACUUM | ) | |
| CLEANER COMPANY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF SCOTT FETZER'S MEMORANDUM IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT, DEFAULT, AND RULE 37 SANCTIONS**

Margaret S. Woodruff (PA I.D. No. 26010)
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Tel. 215-751-2168
Fax 215-972-7417
E-mail: mwoodruff@schnader.com

admitted *pro hace vice*
Robert P. Ducatman (OH Bar No. 0003571)
Christina J. Moser (OH Bar No. 0074817)
Jones Day
North Point, 901 Lakeside Avenue
Cleveland, Ohio 44114
Tel. 216-568-3939
Fax 216-579-0212
E-mail: rducatman@jonesday.com
          cjmoser@jonesday.com

DATED:   June 6, 2003

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

I. INTRODUCTION ................................................................................................................. 1

II. PROCEDURAL HISTORY ................................................................................................ 3

III. STATEMENT OF UNDISPUTED FACTS ........................................................................ 6

IV. STATEMENT OF LAW .................................................................................................... 9

    A.   Standard for Summary Judgment under Rule 56 ...................................................... 9

        1. Elements of Trademark Infringement and Unfair Competition ...................... 9

        2. Requirements for Proving Dilution ................................................................ 10

    B.   Standard for Judgment as Sanction under Rule 37(b)(2)(C) ................................... 11

    C.   Standard for Default Judgment under Rule 55(b)(2) ................................................ 14

V. ARGUMENT ..................................................................................................................... 15

    A.   Scott Fetzer Is Entitled To Judgment As A Matter Of Law Because Gehring Has Not And Cannot Present Any Facts To Dispute His Liability For Trademark Infringement, Dilution, And Unfair Competition Under State And Federal Law .................................. 15

        1.   Gehring's use of the KIRBY marks is identical to Scott Fetzer's own use of its marks and infringes Scott Fetzer's trademark rights therein ............................ 15

        2.   Gehring's use of the KIRBY marks has diluted the ability of the KIRBY marks to identify Scott Fetzer's own goods and services ............................................. 18

    B.   Gehring's Continued Failure To Defend Himself And Participate In Discovery Is Willful, Wasteful Of Judicial Resources, Making an Entry of Judgment Appropriate Under Both Fed. R. Civ. P. 37 And 55 ....................................................................... 20

VI. CONCLUSION .................................................................................................................. 22

## TABLE OF AUTHORITIES

### Cases

A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 207 (3d Cir. 2000) ......... 10

Analytic Recruiting, Inc. v. Analytic Resources, LLC, 156 F. Supp. 2d 499, 509 (E.D. Pa. July 23, 2001) ................................................................................................................... 9

Brooks v. Hussman Corp., 878 F.2d 115 (3d Cir. 1989) .................................................. 9

Butler v. Beneficial Management Corp., No. Civ. A. 99-3320, 2000 WL 1428682 at *2 (E.D. Pa. Sept. 27, 2000) ........................................................................................ 12, 13, 19, 20

C.T. Bedwell Sons v. International Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988)............. 13

Carter v. Exxon Co., USA, 177 F.3d 197, 202 (3d Cir. 1999) ..................................... 8, 9

Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986) ............................................ 8, 9

Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1145-47 (3d Cir 1990) ............................... 14

Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir. 1991).................................. 14

Estrada-Torres v. Remos Mushroom Services, No. Civ. A. 95-1752, 1977 WL 364496 at *3 (E.D. Pa. June 25, 19 .................................................................................... 11

Ferraro v. Kuznetz, 131 F.R.D. 414, 416 (S.D.N.Y. 1990) ......................................... 14

Fisons Horticulture, Inc. v. Vigoro Industries, Inc., 30 F.3d 466, 472 (3d Cir. 1994) ............. 9, 15

General Elec. Co. v. Speicher, 877 F.2d 531, 537 (7th Cir. 1989) ................................... 20

Hicks v. Feeney, 850 F.2d 152. 156 (3d Cir. 1988)......................................... 11, 12, 19

Hoxworth v. Blinder, Robinson & Co, Inc., 980 F.2d 912, 917-919 (3d Cir. 1992)............. 13, 14

Link v. Wabash Railroad, 370 U.S. 626, 82 S.Ct. 1386 (1962)....................................... 14

Louis Vuitton Malletier v. Veit, 211 F. Supp. 2d 567, 580 (E.D. Pa. 2002) ............... 9, 10, 18, 20

Morton v. Harris, 628 F.2d 438, 440 (5th Cir. 1980) ............................................. 13

Moseley v. V Secret Catalogue, Inc., 537 U.S. ____ , 123 S. Ct. 1115, 1125 (2003)............ 10, 18

National Grange Mut. Ins. Co. v. Sharp Equipment Co. of Reading., No. Civ. A. 00-CV-5716, 2002 WL 442823 at *8 (E.D. Pa. March 01, 2002)................................................... 12

National Hockey League v. Metro. Hockey Club, Inc. 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)." ........................................................................... 13

Pep Boys Manny, Moe & Jack of California v. Goodyear Tire & Rubber Co., No. 01-CV-5614, 2002 WL 52401 at *41-42 (E.D. Pa. Apr. 05, 2002)....................................... 10, 19

Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868-870 (3d Cir. 1984). 11, 12, 14, 19, 20

Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) ....................... 11, 12, 13

ii

## Statutes and Rules

15 U.S.C. §1058 ..................................................................................................... 9

15 U.S.C. §1114(1)(a) ............................................................................................. 9

15 U.S.C. §1125(a)(1)(A) ....................................................................................... 9

15 U.S.C. §1125(c) ................................................................................................. 10

15 U.S.C. §1065 ..................................................................................................... 9

Fed. R. Civ. P. 37(b)(2)(C) .............................................................................. 2, 1, 11

Fed. R. Civ. P. 55(b)(2) ................................................................................. 1, 13, 14

Fed. R. Civ. P. 56 ......................................................................................... 1, 8

54 Pa. Cons. Stat. Ann. § 1124 (Purdon 1999 Supp.) ........................................ 3, 10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE SCOTT FETZER COMPANY,          )      Case No.: 02-CV-2917(JKG)
                                   )
          Plaintiff,               )
                                   )
     v.                            )      Judge James Knoll Gardner
                                   )
RAYMOND G. GEHRING d/b/a,          )
NORTHEASTERN VACUUM                )
CLEANER COMPANY                    )
                                   )
          Defendant.               )
                                   )

**PLAINTIFF SCOTT FETZER'S MEMORANDUM IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT, DEFAULT, AND RULE 37 SANCTIONS**

Plaintiff, The Scott Fetzer Company ("Scott Fetzer"), hereby submits its Memorandum in

Support of its Motion for Summary Judgment under Fed. R. Civ. P. 56, Default Judgment

pursuant to Fed. R. Civ. P. 55(b)(2), and judgment as a pursuant to Fed. R. Civ. P. 37(b)(2)(C).

## I. INTRODUCTION

Scott Fetzer, doing business through its unincorporated division The Kirby Company,

manufactures and sells vacuum cleaners and vacuum cleaner parts and accessories throughout

the world using its mark "KIRBY." The KIRBY trademarks and servicemarks have been used to

promote Scott Fetzer's products and services since at least 1930. Scott Fetzer owns various

uncontestable federal registrations for KIRBY and its use of this mark has become famous.

Defendant, Raymond G. Gehring d/b/a Northeastern Vacuum Cleaner Company

("Gehring"), sells and services vacuum cleaners. Specifically, Gehring uses the KIRBY

trademarks to advertise and sell his vacuum cleaners and services. Even after receiving notice

that his continued use of the KIRBY marks violates and infringes upon Scott Fetzer's rights in

the same, Gehring has refused to cease his infringing conduct. Instead, Gehring continues to incorporate the KIRBY marks as a dominant aspect of his advertising, including calling himself "KIRBY Northeastern Vacuum Cleaner Company" in telephone book advertisements and publicizing his toll free number, 1-800-KIRBY-US.

A misplaced sense of entitlement is not a valid excuse for, nor a defense to, trademark infringement. At the onset of this litigation, Gehring stubbornly refused to recognize Scott Fetzer's exclusive rights in the KIRBY marks within the market for, among other things, vacuum repair, service and sales. His obstreperous behavior in the early phases of the lawsuit included last minute requests to re-schedule court conferences and refusals to answer discovery. Lately, however, Gehring has simply disappeared from this litigation. On May 13, 2003, Gehring ignored an Order To Appear for his deposition. This marked the second time that Gehring failed to appear for deposition. At neither time did he so much as proffer a viable excuse explaining his absence. Tellingly, Gehring has not been heard from since the April 2, 2003 discovery conference.

Although Scott Fetzer originally requested a jury trial in its Complaint, it has expressed a willingness to waive its jury right and proceed with a bench trial. Gehring never requested a jury trial and did not appear at the Rule 16 Status Conference. Given Gehring's behavior thus far, no further discovery is likely; nor, as the attached evidence demonstrates, is further discovery necessary to establish Gehring's liability. Accordingly, further action is neither necessary nor likely to bear fruit.

This motion for judgment is based on three grounds: (1) summary judgment under Fed. R. Civ. P. 56; (2) default under Fed. R. Civ. P. 55(b)(2); and (3) sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(C).

## II.  PROCEDURAL HISTORY

Scott Fetzer filed the present action for injunctive relief and damages, including a demand for a jury, on May 16, 2002.[1]  Service of the Complaint, alleging federal unfair competition, trademark dilution, and trademark infringement, as well as common law unfair competition and dilution under 54 Pa. Cons. Stat. Ann. § 1124 (Purdon 1999 Supp.), was effected on the same day and the summons returned on May 24, 2002.[2]  Gehring, representing himself *pro se*, answered the Complaint on May 6, 2002.[3]

In anticipation of an August, 13, 2002, Pretrial Conference, Plaintiff served its Rule 26(f) mandatory disclosures on August 9, 2002.[4]  Defendant has never served any initial disclosures.

On December 19, 2002, this action was re-assigned from the calendar of the Honorable Petrese B. Tucker to the calendar of the Honorable James Knoll Gardner.  A settlement conference on January 7, 2003, before United States Magistrate Judge Arnold C. Rapoport, failed to resolve the issues between the parties.

Scott Fetzer served interrogatories and requests for production on October 22, 2002,[5] which defendant Gehring failed to respond to until ordered to do so by Judge Rapoport on

---

[1]  Complaint (Exhibit 1).

[2]  Proof of Service of Complaint and Summons (Exhibit 2).

[3]  Answer (Exhibit 3).

[4]  Scott Fetzer Rule 26 Disclosures (Exhibit 4).

[5]  First Set of Interrogatories to Defendant and First Set of Requests for Production to Defendant (Exhibits 5 & 6, respectively).

January 7th.[6]  Gehring's responses, consisting entirely of objections,[7] were the subject of a February 12, 2003 discovery dispute letter to Judge Rapoport.[8]  Gehring also served document requests on or around January 24, 2003, to which Scott Fetzer objected as unintelligible and irrelevant.[9]

Pursuant to the Court's January 8th Order, defendant Gehring was to have obtained counsel on or before January 21, 2003.[10]  In a letter dated January 21, 2003, to Judge Rapoport, Gehring explained that he was still seeking representation but was unable to meet with recommended counsel until February 4, 2003.[11]  No appearance of counsel has ever been entered on behalf of Gehring.

When Gehring failed to appear for or participate in the February 20, 2003 Rule 16 Status Conference, this Court ordered that Scott Fetzer schedule Gehring's deposition by April 20, 2003.[12]  Scott Fetzer served Gehring with a Notice of Deposition on February 27th.[13]  Scott Fetzer also attempted to serve Gehring with a subpoena, but was not able to complete service upon Gehring, who was nowhere to be found.[14]  Numerous Federal Express deliveries to

---

[6]  Order of January 8, 2003 (Exhibit 7).

[7]  Defendant's Answer to First Set of Interrogatories and Defendants Answer to First Request for Production of Documents and Things to Defendant (Exhibit 8)

[8]  Letter of February 12, 2003 (Exhibit 9)

[9]  Defendant's First Request for Production of Documents and Things to Plaintiff and Plaintiff's Responses thereto (Exhibit 10 and 11, respectively).

[10]  Exhibit 7.

[11]  Defendant's Letter of January 21, 2003 (Exhibit 12).

[12]  Order of March 18, 2003 (Exhibit 13).

[13]  Notice of Deposition (Exhibit 14).

[14]  Returned Subpoena (Exhibit 15).

Gehring's place of business, the address in the Court's file, have also been returned as undeliverable and/or refused.[15]

On March 15th, the Saturday before Gehring's Monday, March 17th deposition, Scott Fetzer received a "Notice of Defendant's Objection of Deposition."[16] Scott Fetzer immediately notified the Court of Gehring's failure to appear for deposition.[17] A discovery conference was scheduled for April 2, 2003, before Judge Rapoport, at which both parties were present. The Court ordered Scott Fetzer to produce certain agreements and other information to Gehring, to demonstrate Scott Fetzer's position that Gehring has no legitimate claim to the KIRBY marks.[18] The Court also ordered that, upon receipt of this information, Gehring was to appear for deposition.[19] Scott Fetzer complied with the April 2nd Order.[20] Gehring, however, did not respond to Scott Fetzer's requests to schedule his deposition,[21] so the Court ordered him to appear for deposition on May 13th at the Edward N. Cahn United States Courthouse in Allentown.[22] Counsel for Scott Fetzer flew to Allentown from Cleveland, Ohio, to take the deposition, but Gehring did not appear for examination, nor did he inform the Court or counsel ahead of time of his intended absence.[23]

---

[15] Returned Federal Express Envelopes (Exhibit 16).

[16] Notice of Defendant's Objection of Deposition (Exhibit 17).

[17] Letter of March 17, 2003 (Exhibit 18).

[18] Order of April 2, 2003 (Exhibit 19).

[19] *Id.*

[20] Letter of April 16, 2003 and attachments thereto (Exhibit 20)

[21] *Id.*; Letter of April 30, 2003 (Exhibit 21).

[22] Order of May 6, 2003 (Exhibit 22).

[23] Transcript of May 13, 2003 (Exhibit 23).

The parties are attached for trial in this matter on July 21, 2003.[24]

## III. STATEMENT OF UNDISPUTED FACTS

Scott Fetzer manufactures and sells vacuum cleaners and vacuum cleaner parts and accessories throughout the world.[25] Scott Fetzer sells its vacuum cleaners through in-home demonstrations conducted by authorized dealers and distributors throughout the United States.[26] Since at least as early as 1930, Scott Fetzer has invested tens of millions of dollars advertising and promoting the trademark "KIRBY" in various forms in connection with the manufacture, sale and service of vacuum cleaners and vacuum cleaner accessories (hereinafter collectively referred to as the "KIRBY marks").[27] As explained by Robert G. Shumay, the Vice President Consumer and Public Relations, IMD and Distribution for the Kirby Company, "The KIRBY marks are inextricably connected with Scott Fetzer's business reputation and the goodwill it enjoys with its customers."[28] Eight of the nine KIRBY registrations at issue here are incontestable.[29]

Scott Fetzer did not authorize Gehring to use any intellectual property owned by Scott Fetzer, including the KIRBY marks.[30] Gehring, who is in the business of selling and servicing vacuum cleaners, utilizes the KIRBY marks or marks confusingly similar to the KIRBY marks to

---

[24] Attachment Orders of May 12, 2003 (Exhibit 24).

[25] Exhibit 1, ¶ ¶ 6-7; Shumay Affidavit,¶¶ 6-8.

[26] *Id.*

[27] *Id.*

[28] Shumay Affidavit, ¶ 5; see also ¶10.

[29] Shumay Affidavit, ¶ 8 and Exhibits B-I thereto.

[30] Shumay Affidavit, ¶ ¶ 8-9; Exhibit 20 and attachments thereto.

advertise and sell his vacuum cleaners and services.[31]  For example, Gehring distributes

brochures for Scott Fetzer's G5 vacuum to which he has affixed an eye-catching, metallic gold

sticker reading "KIRBY NORTHEASTERN Vacuum Cleaner Company" and containing the toll

free telephone number "1-800-KIRBY-US."[32]

Because Gehring uses and offers for sale vacuum cleaners and services, the consuming

public has been and will continue to be confused or deceived as to the source, origin, affiliation

and/or sponsorship of Gehring's products and services and those of Scott Fetzer.[33]

Gehring has knowingly engaged in advertising and promoting of vacuum cleaners and

services that incorporate the KIRBY marks without Scott Fetzer's consent or authorization.[34]

Gehring has also misappropriated Scott Fetzer's substantial property rights in the KIRBY marks

as well as the goodwill associated therewith.[35]  Unless restrained and enjoined by this Court,

such conduct will permit Gehring to gain an unfair competitive advantage over Scott Fetzer,

permit him to enjoy the selling power of the KIRBY marks, allow him to improperly blunt and

interfere with Scott Fetzer's continued promotion and expansion of the KIRBY marks, and allow

him to palm off his products and services as those being produced, sponsored or authorized by

Scott Fetzer.[36]  Gehring will continue his acts of unfair competition and false designation of

---

[31] Tredinnick Affidavit, ¶¶ 2-4 and Exhibits A-L thereto; Exhibit 25, ¶C; Exhibit 26.

[32] Tredinnick Affidavit, ¶ 2 and Exhibits A & D thereto (original brochure available for court inspection).

[33] Shumay Affidavit, ¶¶ 10-16; Tredinnick Affidavit, ¶ 4 and Exhibits I-L thereto; Exhibit 26.

[34] Tredinnick Affidavit, ¶¶ 2-4 and Exhibits A-L thereto; Exhibit 25, ¶C; Exhibit 26, especially pp. 29 & 51.

[35] Shumay Affidavit, ¶¶ 9-17; Tredinnick Affidavit, ¶¶ 2-4 and Exhibits A-L thereto; Exhibit 26.

[36] Id.

origin causing irreparable injury to Scott Fetzer, unless such activities are enjoined by this Court.[37]

The KIRBY marks have acquired fame in the United States.[38]  This fame is so extensive that Scott Fetzer has granted consents to Nintendo, as well as an animated children's film, allowing inclusion of its marks therein.[39]  Defendant's use of the KIRBY marks is blurring the unique association between Scott Fetzer's goods and services and its famous KIRBY marks, diluting the distinctiveness of the KIRBY marks and disparaging the distinctiveness of the KIRBY marks.[40]

As a result of Gehring's unlawful activities, Scott Fetzer has and continues to suffer irreparable harm.[41]  As a result of Gehring's conduct, Scott Fetzer has incurred attorneys' fees of no less than $45,000, plus costs.[42]  Scott Fetzer cannot determine its damages because Gehring has refused to produce documents detailing his sales and profits, and otherwise failed to participate in any meaningful discovery efforts.[43]

---

[37]  Tredinnick Affidavit, ¶¶  2-4 and Exhibits A-L thereto; Exhibit 25, ¶C.

[38]  Shumay Affidavit, ¶¶5-11.

[39]  Shumay Affidavit, ¶ 9.

[40]  Shumay Affidavit, ¶ ¶ 5-18; Tredinnick Affidavit, ¶ ¶ 2-4 and Exhibits A-L thereto; Exhibit 26.

[41]  Shumay Affidavit, ¶ 16.

[42]  Shumay Affidavit, ¶ 18.

[43]  Shumay Affidavit, ¶ 18; Exhibits 5-8 and 22.

## IV. <u>STATEMENT OF LAW</u>

Scott Fetzer's motion rests upon three independent legal bases: (1) summary judgment under Fed. R. Civ. P. 56; (2) default under Fed. R. Civ. P. 55(b)(2); and (3) sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(C).

### A. Standard for Summary Judgment under Rule 56.

A moving party is entitled to summary judgment under Fed. R. Civ. P. 56 when it can demonstrate that there is no genuine issue of material fact and that the party is entitled to relief as matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-24 (1986); <u>Carter v. Exxon Co., USA</u>, 177 F.3d 197, 202 (3d Cir. 1999). The complete record and any inferences drawn therefrom are viewed in the light most favorable to the non-moving party, and all doubts regarding the existence of a genuine issue are resolved against the moving party. <u>Celotex</u>, 477 U.S. at 322-23; <u>Carter</u>, 177 F.3d at 202; <u>Brooks v. Hussman Corp.</u>, 878 F.2d 115 (3d Cir. 1989).

Summary judgment will not be granted if the non-moving party offers more than a "scintilla" of evidence regarding the existence of a genuine issue of material fact for trial. <u>Carter</u>, 177 F.3d at 202. In examining any proffer, however, a court may reject or disregard the party's evidence if it is not wholly credible or if the party relies only on statements in his pleadings. <u>Celotex</u>, 477 U.S. at 323.

### 1. Elements of Trademark Infringement and Unfair Competition

"Federal trademark infringement, 15 U.S.C. §1114(1)(a), and a false designation of origin claim, known more broadly as federal unfair competition, 15 U.S.C. §1125(a)(1)(A), are measured by identical standards [citation omitted]" <u>Louis Vuitton Malletier v. Veit</u>, 211 F. Supp. 2d 567, 580 (E.D. Pa. 2002) (granting default judgment in favor of trademark owner); <u>Analytic Recruiting, Inc. v. Analytic Resources, LLC</u>, 156 F. Supp. 2d 499, 509 (E.D. Pa. July 23, 2001) (granting permanent injunction in favor of trademark owner). Common law unfair

competition under Pennsylvania law is similar to that under the Lanham Act, with the exception of the federal requirement that the goods move in interstate commerce. Louis Vuitton, 211 F. Supp. 2d at 582.

A plaintiff proves trademark infringement by demonstrating that: 1) the plaintiff owns the mark; 2) the mark is valid and legally protectable; and 3) the defendant's use of the mark is likely to create confusion. Fisons Horticulture, Inc. v. Vigoro Industries, Inc., 30 F.3d 466, 472 (3d Cir. 1994). The first two elements are established when a federal trademark registration becomes incontestable pursuant to 15 U.S.C. §§1058 & 1065. Id. When the goods and/or services of the parties directly compete and the marks are virtually identical, as is the case here, a district court need look no further to determine a likelihood of confusion exists. A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 207 (3d Cir. 2000).

### 2. Requirements for Proving Dilution

Under federal and Pennsylvania law, a plaintiff proves trademark dilution by showing: 1) the plaintiff owns a "famous" trademark; 2) the defendant is making commercial use of the mark or trade name in interstate commerce; 3) the defendant's use began after the plaintiff's mark became famous; and 4) the defendant's use causes dilution by lessening the capacity of the plaintiff's mark to identify and distinguish goods or services. 15 U.S.C. §1125(c); 54 Pa. C.S.A. § 1124; Louis Vuitton, 211 F. Supp. 2d at 581-582.

To determine whether a mark is famous, the court may consider the following factors: (1) the distinctiveness of plaintiff's mark; (2) the duration and extent of its use; (3) the duration and extent of advertising and publicity of plaintiff's mark; (4) the extent of its trading area; (5) the channels of trade in which it is used; (6) the degree of recognition of plaintiff's mark in its trading areas and channels of trade and those of defendant; (7) third party use; and, (8) whether plaintiff's mark is registered. 15 U.S.C. § 1125(c)(1).

Recently, the Supreme Court, in <u>Moseley v. V Secret Catalogue, Inc.</u>, 537 U.S. ____ , 123 S. Ct. 1115, 1125 (2003), stated that circumstantial proof may be sufficient evidence of actual dilution when the marks are identical, as is the case here.

Dilution includes any "tarnishing" of the trademark. Tarnishing occurs when a mark is improperly associated with an inferior or offensive product or service as a result of the defendant's use of the mark. <u>Pep Boys Manny, Moe & Jack of California v. Goodyear Tire & Rubber Co.</u>, No. 01-CV-5614, 2002 WL 52401 at *41-42 (E.D. Pa. Apr. 05, 2002).

## B. <u>Standard for Judgment as Sanction under Rule 37(b)(2)(C).</u>

Although sanctions that have the effect of terminating litigation are deemed a "drastic" remedy by the Third Circuit, a court may enter an order to that effect as a discovery sanction under Fed. R. Civ. P. 37(b)(2)(C), when the record reveals a clear record of delay by the opposing party or its attorney. <u>See</u> <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863, 868-870 (3d Cir. 1984) (setting forth six factors to be analyzed in determining appropriateness of terminating sanctions).

The court will consider and weigh the following factors in making this determination: 1) the extent of the party's personal responsibility; 2) the prejudice to the opposing party caused by the violations; 3) the party's history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of alternative sanctions; and 6) the meritoriousness of the claims or defenses. <u>Poulis</u>, 747 F.2d at 868-870. However, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1988) (affirming dismissal of *pro se* plaintiff's complaint under <u>Poulis</u> factors).

In applying what have come to be known as the "<u>Poulis</u> factors", courts have frequently granted terminating sanctions for persistent and flagrant violations of court-ordered discovery

directives.  See Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (affirming

imposition of terminating sanctions).

A court will generally provide a *pro se* party with some leeway in his dealings with the

court.  Estrada-Torres v. Remos Mushroom Services, No. Civ. A. 95-1752, 1977 WL 364496 at

*3 (E.D. Pa. June 25, 1997).  However, the fact that a party is representing his or herself does not

preclude imposition of terminating sanctions.  Hicks, 850 F.2d at 152.  "A *pro se* [party] is not

excused from compliance with the federal rules and court orders."  Butler v. Beneficial

Management Corp., No. Civ. A. 99-3320, 2000 WL 1428682 at *2 (E.D. Pa. Sept. 27, 2000)

(granting motion to dismiss when the plaintiff failed to respond to court orders or discovery

requests).

The fact that a party is *pro se* is particularly relevant in examining the first Poulis factor,

whether the party or his or her attorney bears responsibility for the failure to cooperate in

discovery.  Under this first factor, *a pro se* defendant has no way to avoid responsibility for his

failure to cooperate.  The courts in both Hicks and Butler specifically determined that, because

the plaintiffs were proceeding *pro se*, they bore the responsibility for failures to provide

discovery and to comply with the court's orders.  Hicks, 850 F.2d at 190; Butler, 2000 WL

1428682 at *2.

Prejudice to the opposing party, the second Poulis factor, exists when the recalcitrant

party's conduct results in the opposing party having to expend additional money and time

"simply to gain routine discovery to which it is clearly entitled," and/or causes repeated delays or

pushing back of discovery deadlines.  National Grange Mut. Ins. Co. v. Sharp Equipment Co. of

Reading., No. Civ. A. 00-CV-5716, 2002 WL 442823 at *8 (E.D. Pa. March 01, 2002) (granting

dismissal due to repeated, prejudicial and willful delays in document discovery, answering

interrogatories and completing deposition in violation of court orders).

The third factor, history of dilatory behavior, can be found when a party fails to provide

initial disclosures, refuses to answer written discovery requests, refuses to provide meaningful

written discovery responses despite being ordered to do so, and refuses to appear for deposition.

See Ware 322 F.3d at 224; Butler, 2000 WL 1428682 at *2; National Grange, 2002 WL 442823

at *8.

The same type of behavior that is examined to determine the party's dilatoriness may also

be relevant to determination of the fourth factor--whether that party was acting in bad faith. In

Butler, the court held that:

> In the absence of any satisfactory explanation, plaintiff's persistent
> failure to honor her discovery obligations and the court's orders
> must be viewed as "a willful effort to evade and frustrate
> discovery." Morton v. Harris, 628 F.2d 438, 440 (5th Cir. 1980)
> [further citation omitted].

Butler, 2000 WL 1428682 at *2.

In examining the fifth factor, the effectiveness of alternative sanctions, it is relevant if the

party's past behavior demonstrates that he or she is unlikely to obey additional Court orders. See

National at *9. Similarly, any monetary sanction "should be commensurate with and likely to

deter the type of violation at issue. See National Hockey League v. Metro. Hockey Club, Inc.

427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)." Butler, 2000 WL 1428682 at *2.

When it is just as unlikely that a party will pay monetary sanctions as it is that the party will pay

a judgment or costs, terminating sanctions are appropriate. See id. The stage of the litigation

also is relevant if it is "neither appropriate nor economical to reopen discovery." Ware, 322 F.3d

at 224.

13

The sixth and final factor, the meritoriousness of the party's claims, should be determined on the face of the pleadings.  Butler, 2000 WL 1428682 at *3 (citing C.T. Bedwell Sons v. International Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988)).

## C.  Standard for Default Judgment under Rule 55(b)(2).

Though courts prefer reaching a decision on the merits, under Fed. R. Civ. P. 55, a default judgment may be entered when a party fails to plead or otherwise defend under the rules of civil procedure, or it may be entered as a sanction by the trial court for failure to comply with court orders.  Hoxworth v. Blinder, Robinson & Co, Inc., 980 F.2d 912, 917-919 (3d Cir. 1992) (affirming default judgment under district court's broad discretion to interpret "or otherwise defend" under Rule 55 ); Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1145-47 (3d Cir 1990) (affirming default judgment based on defendant's failure to file timely answer ).  The failure to answer a complaint is only one of the grounds upon which a default judgment may be granted:

> The failure to plead is no greater an impediment to the orderly progress of a case than is the failure to appear at trial or meet other required time schedules, and we see no reason why the former would be subject to a sanction not equally applicable to the latter. Indeed, the Supreme Court signified the seriousness with which it viewed counsel's failure to appear at a scheduled pretrial conference, sustaining dismissal on that ground in *Link v. Wabash Railroad*, 370 U.S. 626, 82 S.Ct. 1386 (1962).

Hoxworth, 980 F.2d at 918 (also citing with approval Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir. 1991) (default affirmed when recalcitrant party failed to comply with order to obtain counsel); Ferraro v. Kuznetz, 131 F.R.D. 414, 416 (S.D.N.Y. 1990) (default judgment awarded when defendant failed to file pretrial order, failed to appear at pretrial conference, and did not comply with discovery requests).

As with any sanction that "deprive[s] a party of the right to proceed with or defend

against a claim," a court will weigh the factors set forth in Poulis. Comdyne I v. Corbin, 980

F.2d at 1148.   See Section IV (B), above.

## V.  ARGUMENT

**A.  Scott Fetzer Is Entitled To Judgment As A Matter Of Law Because Gehring Has Not And Cannot Present Any Facts To Dispute His Liability For Trademark Infringement, Dilution, And Unfair Competition Under State And Federal Law.**

### 1.  Gehring's use of the KIRBY marks is identical to Scott Fetzer's own use of its marks and infringes Scott Fetzer's trademark rights therein.

Under the law of the Third Circuit, Scott Fetzer must establish that it owns the KIRBY

marks, that those marks are valid and enforceable, and that a likelihood of confusion exists as a

result of Gehring's behavior. See Fisons, 30 F.3d at 472. Because eight of the nine registrations

for which judgment is sought are incontestable,[44] the first two elements are established as a

matter of law. See id. Furthermore, Gehring cannot dispute the ownership nor the validity and

enforceability of the remaining ninth KIRBY registration.[45]

The remaining element, likelihood of confusion, is established because the marks, as well

as the markets for the parties' goods and/or services, are identical. See A&H Sportswear, Inc.,

237 F.3d at 207.

Scott Fetzer owns Registration No. 2,587,118, issued on July 2, 2002, for KIRBY to

identify factory authorized distributorship services featuring vacuum cleaner and vacuum cleaner

parts and supplies, as well as vacuum cleaner repair and rebuilding services and the following

design:[46]

---

[44] Shumay Affidavit, ¶ 8.

[45] Id.

[46] Exhibit L to Shumay Affidavit.



(Exhibit L to Shumay Aff.)

As Mr. Shumay's Affidavit states, Scott Fetzer uses the KIRBY marks:

> "in connection with the sales of vacuum cleaners on the vacuum cleaner itself, boxes, **brochures**, owners manuals, video tape advertisements, **telephone directory advertisements** and **signage**. The KIRBY marks are used daily in connection with the **sales of vacuum cleaners**, factory authorized distributorship services and **vacuum cleaner repair and rebuilding services**."[47]

It is undisputed that Gehring's use of the KIRBY marks also encompasses telephone directory advertisements, signage and brochures for his vacuum cleaner repair and rebuilding services,[48] as demonstrated by the following exemplars:



(Exhibit 26 p.38)



(Exhibit D to Tredinnick Aff.)

---

[47] Shumay Affidavit, ¶ 11 (emphasis added); *see also* ¶12.

[48] Tredinnick Affidavit, ¶¶ 2-4 and Exhibits A-L thereto; Exhibit 26.



(Exhibit J to Tredinnick Aff.)

Because Gehring is using identical marks in the exact same market as Scott Fetzer, confusion is likely. Mr. Shumay explains, "consumers who may not know that KIRBY vacuum cleaners are sold only through in-home demonstration often use the telephone directory to find a source for KIRBY vacuum cleaners. Similarly, owners of KIRBY vacuum cleaners often look in telephone directories to locate Service Centers to repair or rebuild their KIRBY vacuum cleaners."[49]

Gehring's use of the KIRBY marks is, without a doubt, willful infringement. In fact, the documents produced by Verizon show that, in May, 2001, Gehring called Verizon to complain about its refusal to list his business in the white pages using the term "Kirby." Gehring was told:

> he needed a letter from Kirby on Kirby letterhead stating he could use their name in white pages. I offered to call Kirby for him--he declined. Also did not get letter on his own.[50]

---

[49] Shumay Affidavit, ¶ 15.

[50] Exhibit 26, p. 51.

Earlier in this litigation, in response to Scott Fetzer's request that Gehring sign a stipulation that he would cease his infringing behavior, Gehring wrote: "I am in business to sell and service Kirby vacuums. There should be no restrictions whatsoever."[51]

As a result of Gehring's willful infringement and unfair competition, Scott Fetzer has suffered and continues to suffer injury. Specifically, as Mr. Shumay sets forth, "[t]he unauthorized use of the KIRBY marks causes irreparable injury to the goodwill that Scott Fetzer has built up in the KIRBY marks, and often causes missed sales opportunities for Scott Fetzer, its Authorized Distributors, pre-approved Distributor Trainees and Service Centers."[52]

Accordingly, for the reasons stated above, Scott Fetzer is entitled to summary judgment on Counts I, III, and IV of the Complaint, for federal and state unfair competition and trademark infringement.

### 2. Gehring's use of the KIRBY marks has diluted the ability of the KIRBY marks to identify Scott Fetzer's own goods and services.

It cannot be disputed that the KIRBY marks are famous indicators of high-quality vacuum cleaners, including the sale and service thereof.[53] See Louis Vuitton, 211 F. Supp. 2d at 581-582. As previously set forth, the mark "Kirby" has been used in connection with vacuum cleaners since at least as early as 1930. Mr. Shumay established in his Affidavit that, "KIRBY vacuum cleaners are widely known to for their high quality, unparalleled cleaning power and have a reputation for lasting decades. KIRBY vacuum cleaners are recognized as one of the best performing vacuum cleaners on the market."[54]

---

[51] Exhibit 25, ¶ C.

[52] Shumay Affidavit, ¶ 16.

[53] Shumay Affidavit, ¶¶5-11.

[54] Shumay Affidavit, ¶ 16.

"Diminishment of the famous mark's capacity can be shown by the probable consequences flowing from use or adoption of the competing mark." Moseley, 537 U.S. at ___, 123 S. Ct. at 1126, (Kennedy, J., concurring).  "If a mark will erode or lessen the power of the famous mark to give customers the assurance of quality and the full satisfaction they have in knowing they have purchased goods bearing the famous mark, the elements of dilution may be established." Id. at 1125-26.

By using the KIRBY marks on his own goods and services in the same manner and in the same markets as Scott Fetzer's usage, Gehring blunts and dilutes the ability of the marks to distinguish Scott Fetzer's own goods and services. See id. Gehring's use of the mark in connection with his vacuum rebuilding services is especially troubling, as the evidence establishes that he utilizes used parts.[55] Mr. Shumay explains in his Affidavit, that:

> When a KIRBY vacuum cleaner is "rebuilt", the parts in the KIRBY vacuum cleaners are replaced with new parts.  Only new parts are utilized to insure that the rebuilt KIRBY vacuum cleaner is of the highest quality.  Used parts are never utilized in a rebuilt KIRBY vacuum cleaners because these parts are of inferior quality.[56]

Therefore, Gehring's use also tarnishes the KIRBY marks, by associating the marks with inferior rebuilt machines and services. See Pep Boys 2002 WL 52401, at *41-42.

Accordingly, for the reasons stated above, Scott Fetzer is also entitled to judgment as a matter of law on Counts II and V of its Complaint, for federal and state trademark dilution.

---

[55] Exhibits A-C to Tredinnick Affidavit.

[56] Shumay Affidavit, ¶ 14.

**B. Gehring's Continued Failure To Defend Himself And Participate In Discovery Is Willful And Wasteful Of Judicial Resources, Making An Entry Of Judgment Appropriate Under Both Fed. R. Civ. P. 37 And 55.**

Gehring's failure to participate in discovery and refusal to obey the orders of this Court evince "a clear record of delay." Poulis, 747 F.2d at 866 (citations omitted). Gehring had an opportunity to avoid litigation altogether, but failed to respond to both of Scott Fetzer's cease and desist letters in fall of 2001.[57] Gehring knew full well the extent of his own use of the KIRBY marks--yet denied such use.[58] Gehring was also aware that he needed Scott Fetzer's permission to use the KIRBY marks[59]--yet he persisted in claiming that he had a right to do so.[60] Gehring's status as a *pro se* defendant does not mitigate his responsibility to this Court or this litigation. See Hicks, 850 F.2d at 152; Butler, 2000 WL 1428682 at *2. Certainly, Defendant cannot take a free ride on the goodwill associated with Scott Fetzer's KIRBY marks. "Small local businessmen of good repute do not have a license to steal trademarks from large non-resident corporations, and the amount of harm that the infringer inflicts goes to the amount of damages rather than his liability for damages; the trademark laws do not excuse modest infringements by petty pirates." General Elec. Co. v. Speicher, 877 F.2d 531, 537 (7th Cir. 1989) (citing Louis Vuitton S.A. v. Pun Yang Lee, 875 F.2d 584, 589 (7th Cir. 1989)).

The appropriateness of terminating sanctions in this instance is even more clearly established through an examination of the Poulis factors:

---

[57] Letter of September 14, 2001 (Exhibit 27); Letter of October 8, 2001 (Exhibit 28).

[58] Exhibits 1 & 3.

[59] Exhibits 26 (pp. 29 & 51), 27-28.

[60] Exhibits 3 & 25.

1.    *responsibility* -- Gehring, as *a pro se* defendant, is solely responsible for his misconduct;

2.    *prejudice*-- Scott Fetzer is facing the prospect of a July 21st trial without having deposed Gehring, received documents from him, or obtained information necessary to calculate the full extent of Scott Fetzer's damages;

3.    *history of dilatory behavior* -- From the beginning, Gehring failed to attend or participate in court conferences, refused to participate in any meaningful discovery, and ignored Court orders to obtain counsel and appear for deposition;

4.    *willfulness* -- Gehring's sporadic attendance and submissions to this Court demonstrate that he is able to defend himself.  His continuing misconduct, therefore, establishes that he is choosing to disobey the Rules of Civil Procedure as well as this Court;

5.    *effectiveness of sanctions* -- Because Gehring appears to be of limited means, it is unlikely that an award of lesser monetary sanctions will deter future misconduct.  He has  shown that he is more than willing to disobey the orders of this Court requiring his attendance.  "To simply again direct [defendant] to honor [his] obligations under the federal rules and extant court orders would encourage rather than deter dilatoriness and    recalcitrance." Butler, 2000 WL 1428682 at *3;

6.    *meritoriousness of the claim or defense* -- Gehring averred no specific facts in his Answer to support any defenses to Scott Fetzer's accusations of trademark infringement and dilution.  Furthermore, as the summary judgment analysis in Part V(A) demonstrates, the undisputed facts establish that Scott Fetzer is entitled to judgment as a matter of law, regardless of any of the vaguely worded defenses set forth in Gehring's Answer.[61]

---

[61]  Exhibit 3.

Accordingly, for the reasons set forth above, this Court should enter a default and/or judgment in favor of Scott Fetzer based on Gehring's failure and refusal to participate in this litigation.

## VI. <u>Conclusion</u>

For the foregoing reasons, Scott Fetzer respectfully requests that this Court grant its motion for summary judgment and/or enter a default judgment against Gehring for his failure to litigate, refusal to follow the orders of this Court, and his failure to respond to discovery.

Dated this 6th day of June, 2003

Respectfully submitted,

Margaret S. Woodruff (Pa. I.D. No. 26010)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 751-2168
Direct Fax: (215) 972-7417
mwoodruff@schnader.com

admitted *pro hac vice*
Robert P. Ducatman (OH Bar No. 0003571)
Christina J. Moser (OH Bar No. 0074817)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 568-3939 Telephone
(216) 579-0212 Facsimile
rducatman@jonesday. com
cjmoser@jonesday.com

**ATTORNEYS FOR PLAINTIFF
THE SCOTT FETZER COMPANY**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE SCOTT FETZER COMPANY, | ) | Case No.: 02-CV-2917(JKG) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge James Knoll Gardner |
| | ) | |
| RAYMOND G. GEHRING d/b/a, | ) | |
| NORTHEASTERN VACUUM | ) | |
| CLEANER COMPANY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF SCOTT FETZER'S SEPARATE STATEMENT
IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT**

Plaintiff, The Scott Fetzer Company ("Scott Fetzer"), hereby submits its Separate

Statement in compliance with the Rule 16 Status Conference Order regarding motions for

summary judgment.

| | | |
|---|---|---|
| 1. | At all times relevant to this dispute, Plaintiff, The Scott Fetzer Company ("Scott Fetzer"), was and is a Delaware corporation with its principal place of business at 28800 Clemens Road, Westlake, Ohio. Scott Fetzer does business through The Kirby Company, an unincorporated division of The Scott Fetzer Company. | Shumay Affidavit, ¶ 1 |
| 2. | Defendant Raymond G. Gehring ("Gehring") is an individual doing business as Northeastern Vacuum Company, with its principal place of business at 1043 Cotton Street, Reading, Pennsylvania 19602. | Complaint, ¶ 3 and Answer, ¶3 (Exhibits 1&3, respectively) . |

| 3. | Scott Fetzer manufactures and sells vacuum cleaners and vacuum cleaner parts and accessories throughout the world. Scott Fetzer sells its vacuum cleaners through in-home demonstrations conducted by authorized dealers and distributors throughout the United States. Since at least as early as 1930, Scott Fetzer has invested tens of millions of dollars advertising and promoting the trademark "KIRBY" in various forms in connection with the manufacture, sale and service of vacuum cleaners and vacuum cleaner accessories (hereinafter collectively referred to as the "KIRBY marks"). | Complaint, ¶¶ 6-7 (Exhibit 1), Shumay Affidavit, ¶¶ 6-8. |
|---|---|---|
| 4. | Scott Fetzer is the owner of United States Trademark Registration No. 993,713 for KIRBY to identify electric vacuum cleaners for domestic use and floor polishers and parts and accessories therefor. This Registration is valid and incontestable. | Shumay Affidavit, ¶ 8 and Exhibit B thereto. |
| 5. | Scott Fetzer is the owner of United States Trademark Registration No. 1,135,019 for KIRBY to identify electric vacuum cleaners and floor waxers for domestic use and parts, attachments and accessories therefor-- namely, drill attachments, buffing attachments, sanding attachments, spray guns, jig saw attachments, polishing attachments, demothers, suds generators, floor dusters and buffers, floor polishers, rug washing attachments, rug rake attachments, motor assemblies, bags, belts, brushes, vacuum nozzles, inflator/deflator nozzles, crevice tools, hose extension tubes, coupler tubes, power cords, handles, shoulder straps, dirt boxes, electrical switches, power trains, flexible shafts, polishing pads, buffing wheels, and sanding discs. This Registration is valid and incontestable. | Shumay Affidavit, ¶ 8 and Exhibit C thereto. |

| | | |
|---|---|---|
| 6. | Scott Fetzer is the owner of United States Trademark Registration No. 1,135,020 for **KIRBY** (Stylized) to identify electric vacuum cleaners and floor waxers for domestic use and parts, attachments and accessories therefor -- namely, drill attachments, buffing attachments, sanding attachments, spray guns, jig saw attachments, polishing attachments, demothers, suds generators, floor dusters and buffers, floor polishers, rug washing attachments, rug rake attachments, motor assemblies, bags, belts, brushes, vacuum nozzles, inflator/deflator nozzles, crevice tools, hose extension tubes, coupler tubes, power cords, handles, shoulder straps, dirt boxes, electrical switches, power trains, flexible shafts, polishing pads, buffing wheels, and sanding discs. This Registration is valid and incontestable. | Shumay Affidavit, ¶ 8 and Exhibit D thereto. |
| 7. | Scott Fetzer is the owner of United States Service Mark Registration No. 1,210,015 for Kirby (Stylized) to identify vacuum cleaner repair and rebuilding services. This Registration is valid and incontestable. | Shumay Affidavit, ¶ 8 and Exhibit E thereto. |
| 8. | Scott Fetzer is the owner of United States Service Mark Registration No. 1,210,016 for KIRBY to identify vacuum cleaner repair and rebuilding services. This Registration is valid and incontestable. | Shumay Affidavit, ¶ 8 and Exhibit F thereto. |
| 9. | Scott Fetzer is the owner of United States Service Mark Registration No. 1,255,543 for KIRBY (and Design) to identify vacuum cleaner repair and rebuilding services. This Registration is valid and incontestable. | Shumay Affidavit, ¶ 8 and Exhibit G thereto. |
| 10 | Scott Fetzer is the owner of United States Service Mark Registration No. 2,004,420 for KIRBY (and Design) to identify vacuum cleaner repair and rebuilding services and factory authorized distributorship services featuring vacuum cleaners and vacuum cleaner parts and supplies. This Registration is valid and incontestable. | Shumay Affidavit, ¶ 8 and Exhibit H thereto. |
| 11 | Scott Fetzer also owns Registration No. 2,587,118, issued on July 2, 2002, for KIRBY to identify factory authorized distributorship services featuring vacuum cleaner and vacuum cleaner parts and supplies as well as vacuum cleaner repair and rebuilding services, which is valid and enforceable. | Shumay Affidavit, ¶ 8 and Exhibit I thereto. |

| 12 | Scott Fetzer did not authorize Gehring to use any intellectual property owned by Scott Fetzer, including the KIRBY marks. | Shumay Affidavit, ¶¶ 8-9; Exhibit 20 and attachments thereto. |
|---|---|---|
| 13 | Gehring, who is in the business of selling and servicing vacuum cleaners, utilizes the KIRBY marks and/or marks confusingly similar to the KIRBY marks to advertise and sell his vacuum cleaners and services. | Tredinnick Affidavit, ¶¶ 2-4 and Exhibits A-L thereto; Gehring's "Answer to Consent Decree," ¶ C (Exhibit 25); Verizon Documents (Exhibit 26). |
| 14 | Because Defendant has and continues to use and offer for sale vacuum cleaners and services, the consuming public has been and will continue to be confused or deceived as to the source or origin or affiliation or sponsorship of Defendant's products or services and that of Scott Fetzer. | Shumay Affidavit, ¶¶ 10-16; Tredinnick Affidavit, ¶ 4 and Exhibits I-L thereto; Verizon Documents (Exhibit 26). |
| 15 | Gehring has knowingly engaged in advertising and the promotion of vacuum cleaners and services that incorporate the KIRBY marks without Scott Fetzer's consent or authorization. | Verizon Documents (Exhibit 26); Tredinnick Affidavit, ¶¶ 2-4 and Exhibits A-L thereto; Gehring's "Answer to Consent Decree," ¶ C (Exhibit 25); RPD September 14, 2001 Letter to Defendant (Exhibit 27); RPD October 8, 2001 Letter to Defendant (Exhibit 28). |
| 16 | Gehring has misappropriated Scott Fetzer's substantial property rights in the KIRBY marks as well as the goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will permit Gehring to gain an unfair competitive advantage over Scott Fetzer, permit him to enjoy the selling power of the KIRBY marks, allow him to improperly blunt and interfere with Scott Fetzer's continued promotion and expansion of the KIRBY marks, and allow him to palm off his products and services as those being produced, sponsored or authorized by Scott Fetzer. | Shumay Affidavit, ¶¶ 9-17; Tredinnick Affidavit, ¶¶ 2-4 and Exhibits A-L thereto; Verizon Documents (Exhibit 26). |
| 17 | Gehring will continue his acts of unfair competition and false designation of origin causing irreparable injury to Scott Fetzer, unless such activities are enjoined by this Court. | Tredinnick Affidavit, ¶¶ 2-4 and Exhibits A-L thereto; Gehring's "Answer to Consent Decree," ¶ C (Exhibit 25). |
| 18 | The KIRBY marks have acquired fame in the United States. | Shumay Affidavit, ¶¶5-11. |

| 19. | Defendant's use of the KIRBY marks is blurring the unique association between Scott Fetzer's goods and services and its famous KIRBY marks, diluting the distinctiveness of the KIRBY marks and disparaging the distinctiveness of the KIRBY marks. | Shumay Affidavit, ¶ ¶ 5-18; Tredinnick Affidavit, ¶ ¶ 2-4 and Exhibits A-L thereto; Verizon Documents (Exhibit 26). |
|---|---|---|
| 20. | As a result of Gehring's unlawful activities, Scott Fetzer has and continues to suffer irreparable harm. | Shumay Affidavit, ¶ 16. |
| 21. | As a result of Gehring's conduct, Scott Fetzer has incurred attorneys' fees of no less than $45,000, plus costs. | Shumay Affidavit, ¶ 18. |
| 22. | Scott Fetzer's cannot determine its damages because Gehring has refused to produce documents detailing his sales and profits, and otherwise failed to participate in meaningful discovery efforts. | Shumay Affidavit, ¶ 18; Plaintiff's First Set of Interrogatories (Exhibit 5); Plaintiff's First Set of Requests for Production (Exhibit 6); Order of January 8th (Exhibit 7); Defendant's Responses to Discovery (Exhibit 8); Transcript of May 13, 2003 (Exhibit 22). |

Dated this 6th day of June, 2003

Margaret S. Woodruff (Pa. I.D. No. 26010)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 751-2168
Direct Fax: (215) 972-7417

admitted *pro hac vice*
Robert P. Ducatman (OH Bar No. 0003571)
Christina J. Moser (OH Bar No. 0074817)
JONES, DAY, REAVIS & POGUE
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 568-3939 Telephone
(216) 579-0212 Facsimile
rducatman@jonesday. com
cjmoser@jonesday.com

**ATTORNEYS FOR PLAINTIFF
THE SCOTT FETZER COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing SEPARATE STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT is being served via U.S. mail, this 6th day of June, 2003, upon:

Raymond G. Gehring
1043 Cotton Street
Reading, PA 19602

Margaret S. Woodruff
Counsel for Plaintiff
THE SCOTT FETZER COMPANY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE SCOTT FETZER COMPANY,      )    Case No.: 02-CV-2917(JKG)
                              )
        Plaintiff,           )
                              )
        v.               )    Judge James Knoll Gardner
                              )
RAYMOND G. GEHRING d/b/a,     )
NORTHEASTERN VACUUM        )
CLEANER COMPANY          )
                              )
        Defendant.       )
                              )

**CERTIFICATE OF SERVICE FOR PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT, DEFAULT, AND RULE 37 SANCTIONS
AND SUPPORTING MEMORANDUM, AFFIDAVIT, DECLARATION AND EXHIBITS**

I hereby certify that true and correct copies of the following filings are being

served via first class United States mail, postage prepaid, this 6th day of June, 2003, upon

Raymond G. Gehring, 1043 Cotton Street, Reading, PA 19602:

    1.    Plaintiff Scott Fetzer's Motion for Summary Judgment, Default,
        and Rule 37 Sanctions;

    2.    Plaintiff Scott Fetzer's Memorandum in Support of Motion for
        Summary Judgment, Default, and Rule 37 Sanctions;

    3.    Appendix of Exhibits in Support of Plaintiff's Motion for Summary
        Judgment, Default, and Rule 37 Sanctions;

    4.    Declaration of Arthur F. Tredinnick and Exhbits A Through L in
        Support of Plaintiff's Motion for Summary Judgment, Default,
        and Rule 37 Sanctions; and

5.    Affidavit of Robert G. Shumay and Exhibits A Through I in
Support of Plaintiff's Motion for Summary Judgment, Default,
and Rule 37 Sanctions.


Margaret S. Woodruff
Attorney for Plaintiff
The Scott Fetzer Company

DATED:   June 6, 2003